# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| WESLEY E. GRESHAM, | ) | CASE NOS. 1:16CR274 |
| | ) | 1:17CV1622 |
| PETITIONER, | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| UNITED STATES OF AMERICA, | ) | |
| RESPONDENT. | ) | |

Before the Court is the *pro se* motion of petitioner Wesley E. Gresham ("Gresham") to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 36 ["Mot."].) Respondent United States of America (the "government") opposes the motion. (Doc. No. 42 ["Opp'n"].) For the reasons that follow, Gresham's motion is DENIED.

## I. BACKGROUND

On August 24, 2016, the government filed a twenty-one-count indictment against Gresham and another individual, charging both men with conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Doc. No. 1 (Indictment).) Gresham was also charged with possession with intent to distribute a controlled substance and with use of a communication facility to facilitate acts constituting a felony, both in violation of federal law. (*Id.*) On February 28, 2017, Gresham pled guilty, without the benefit of a plea agreement, to the charges in indictment.

At the sentencing hearing on June 6, 2017, the Court calculated Gresham's sentence as follows: First, the Court determined that his base offense level under U.S.S.G. § 2D1.1 was 24. The Court then determined that Gresham was a career offender under U.S.S.G. § 4B1.1(b)(2) because of his two prior felony drug convictions, resulting in an offense level 34 and a Criminal History Category VI. Following a three-level reduction for acceptance of responsibility, the Court arrived at a total offense level of 31, resulting in a guideline range of 188-255 months imprisonment. (Doc. No. 41 (Transcript of Sentencing Hearing ["Tr."]) at 234-35.[1]) Based upon certain personal characteristics of Gresham, and over objection by the government, the Court varied downward five levels and imposed a sentence of 120 months. (*Id*. at 256; Doc. No. 31 (Judgment).)[2]

Gresham did not take a direct appeal from the Court's judgment. Instead, on August 2, 2017, he filed the present motion under 28 U.S.C. § 2255. In his motion, he maintains hat he was denied effective assistance by his trial counsel (Ground One); that he was improperly determined to be a career offender under the federal sentencing guidelines (Ground Two); that his criminal history points were improperly calculated (Ground Three); and that his sentence is unlawful in light of the Supreme Court's ruling in *Mathis v. United States*, --U.S.--, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016) (Ground Four).

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

[2] Specifically, Gresham was sentenced to 120 months on each of counts 1-14 of the indictment, and to a term of 48 months on each of counts 15-21 of the indictment, all terms to run concurrently. (Tr. at 256.)

2

## II. STANDARD OF REVIEW

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

A petitioner who entered a guilty plea must show an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (2003)). Therefore, a court may only grant relief under § 2255 if the petitioner demonstrates "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* at 736 (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)). A petitioner further bears the burden of articulating sufficient facts to state a viable claim for relief under § 2255. Vague and conclusory claims which are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant relief. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

Claims other than those of ineffective assistance of counsel are procedurally defaulted if not raised on direct appeal. *Bousley v. United States*, 523 U.S. 614, 621, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). "In the case where the defendant has failed to assert his claims on direct appeal and thus has procedurally defaulted, in order to raise them in a § 2255 motion he also must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003); *see Bousley*, 523 U.S. at 622 (collecting cases). The hurdle a petitioner faces to overcome a procedural default is "intentionally high[,] . . . for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000).

When a defendant challenges the validity of a plea, the representations of the defendant, his lawyer, the prosecutor, and the judge "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). Such "[s]olemn declarations in open court carry a strong presumption of verity." *Id*. Subsequently-presented conclusory allegations that fly in the face of the record are subject to summary dismissal. *Id*.

A court should hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). Thus, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v.*

*United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Napier v. United States*, No. 93-5412, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255.") (citing, among authorities, *Machibroda v. United States*, 368 U.S. 487, 496, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962)); *cf. Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007) (finding that the burden is met where the petitioner "offers more than a mere assertion . . . he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible'"). Where (as here) the judge considering the § 2255 motion also presided over the sentencing hearing, the judge may rely on his or her recollections of those proceedings. *See Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

The Court finds that an evidentiary hearing is not warranted in the present case. The allegations offered in support of the present motion are either contradicted by the record, conclusively defaulted, or amount to vague conclusions that fail to demonstrate that Gresham is entitled to relief from his judgment.

### III. DISCUSSION

#### A. Federal Sentencing Guidelines Claims

Gresham's Second and Third Grounds for relief can be addressed together as they both attack the Court's determination of his guidelines range under the federal sentencing guidelines. At the outset, the Court notes that these claims are not properly before the Court. Claims based on alleged missteps in the application of the sentencing guidelines are not cognizable on collateral review, *see Porter v. United States*, Nos. 2:09-cr-31, 2:11-cv-311-RLJ-DHI, 2015 WL 1033881, at *5 (E.D. Tenn. Mar. 9, 2015) (collecting cases), and similarly such claims are

procedurally defaulted if not raised on direct review. *See Bousley*, 523 U.S. at 619 (1998); *Elzy*, 205 F.3d at 884. These claims are defaulted, and Gresham has failed to advance any arguments or evidence that would establish either cause and prejudice, or that he is actually innocent of the charges, to excuse the default.

Even if these grounds were properly raised in this § 2255 petition, they would not entitle Gresham to relief. Gresham argues that the crime of simple possession of narcotics is not a career offender predicate offense. (Mot. at 205.) However, that particular crime did not form the basis for Gresham's career offender designation. Instead, this designation was properly supported by Gresham's prior drug trafficking convictions in the Cuyahoga County Court of Common Pleas. (Doc. No. 27 (Presentence Investigation Report ["PSR"]) at 127, ¶ 35.)

With respect to the calculation of his criminal history points, Gresham maintains that his assault conviction was a violation of a local ordinance and should not have been assessed points. (Mot. at 205.) He is incorrect. Section 4A1.2(c)(2) provides that "[s]entences for the following prior offenses and offenses similar to them, by whatever name they are known, are never counted: . . . local ordinance violations (*except those violations that are also violations under state law*)[.]" U.S.S.G. § 4A1.2(c)(2) (emphasis added). Gresham acknowledges that his assault conviction was charged under Ohio Rev. Code § 2903.12. (Mot. at 205; *see* PSR at 131, ¶ 47.) Therefore, the conviction was properly scored.

Because these claims are not cognizable in a § 2255 petition, and in any event, are without merit, the Second and Third Grounds are DENIED.

B.     **Ineffective Assistance of Counsel**

In his First Ground for relief, Gresham maintains that he received ineffective assistance from his trial counsel. Under the familiar ineffectiveness standard, a petitioner must demonstrate that counsel's performance was deficient, and that this deficient performance caused prejudice to the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To demonstrate that counsel's performance was deficient, a petitioner must show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the [petitioner] by the Sixth Amendment." *Id*. To establish that the deficient performance caused prejudice to the petitioner, he must show that the counsel's errors were so serious that the petitioner was deprived a fair trial. *Id*. Essentially, a petitioner must establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

A criminal defendant is entitled to effective assistance of counsel during the plea and sentencing process. *See Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). In the context of a guilty plea, an attorney provides ineffective assistance by performing outside "the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970). While Gresham does not have to demonstrate that he would have prevailed at trial, a petitioner alleging ineffective assistance of counsel in connection with his guilty plea must establish both deficient performance and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59

(quotation marks and citations omitted); *see Griffin v. United States*, 330 F.3d 733, 737 n.1 (6th Cir. 2003).

Gresham alleges that his trial counsel rendered ineffective assistance because he failed to object, either in his sentencing memorandum or at the sentencing hearing, to the computation of criminal history points and Gresham's status as a career offender. (Mot. at 204.) To the extent that Gresham has not simply couched these claims in terms of ineffectiveness of counsel to avoid a finding that they are procedurally defaulted, the Court finds that Gresham cannot establish either prong of the *Strickland* standard.

As set forth above, the Court did not err in its determination that Gresham was a career offender under the guidelines, nor in its calculation of Gresham's criminal history points. Counsel cannot be considered ineffective for failing to raise baseless arguments. *See Hoffner v. Bradshaw*, 622 F.3d 487, 499 (6th Cir. 2010) (finding that counsel is not constitutionally ineffective for not pursuing meritless claims); *Krist v. Foltz*, 804 F.2d 944, 946-47 (6th Cir. 1986) (noting that "[a]n attorney is not required to prevent a baseless defense or to create one that does not exist"); *see, e.g., Bradley v. Birkett*, 192 F. App'x 468, 475 (6th Cir. 2006) (holding that an attorney is not ineffective for failing to raise a meritless objection). Moreover, at sentencing, counsel advocated for, and was successful in securing, a variance for his client that resulted in a sentence that was substantially below the guidelines range for a career offender. Because Gresham can establish neither deficient performance, nor prejudice, his claim of ineffective assistance of counsel is without merit and is DENIED.

### C. Claim based on *Mathis*

In his Fourth Ground for relief, Gresham relies on the Supreme Court's ruling in *Mathis* to argue that his prior state court conviction no longer qualifies as a basis for enhancement under the sentencing guidelines. (Mot. at 206.) In *Mathis*, the Supreme Court held that the modified categorical approach—which is used to determine whether a prior conviction qualifies as a predicate offense under the Armed Career Criminal Act ("ACCA")—may not be applied to statutory offenses listing alternative means (as opposed to elements). *Mathis*, 136 S. Ct. at 2248.

The ruling in *Mathis* is inapplicable to the present case for two reasons. First, in order for a new Supreme Court decision to apply to Gresham's § 2255 petition, the holding must be retroactively applicable to cases on collateral review. *See Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012). The Sixth Circuit has expressly held that *Mathis* did not create a new rule of law which applies retroactively to cases on collateral review. *In re Conzelmann*, 872 F.3d 375, 376-77 (6th Cir. 2017); *see, e.g., United States v. Gentry*, No. 5:12-cr-127-KKC-EBA, 2017 WL 4081875, at *2 (E.D. Ky. Aug. 4, 2017) (denying § 2255 motion and collecting cases holding *Mathis* did not create a new rule of law). Second, even if *Mathis* could be applied retroactively, its holding concerned ACCA enhancements, and Gresham was not sentenced under ACCA. *See, e.g., Gentry*, 2017 WL 4081875, at *2 (denying § 2255 motion, in part, because petitioner was sentenced under the guidelines and not ACCA).

Ground Four is without merit and is DENIED.

## IV. CONCLUSION

For the foregoing reasons, Gresham's motion to vacate, set aside, or correct his sentence (Doc. No. 36) is DENIED. Further, the Court CERTIFIES, pursuant to 28 U.S.C. § 2255(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: March 22, 2019

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**